D /F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTINE J. SORRENTINO,

                Petitioner,

  -against-                                        **ORDER**
                                                               **CV-08-1870 (SJF)**

STEPHEN P. ESPOSITO, M.D., P.C. and
STEPHEN P. ESPOSITO

                Respondent.
----------------------------------------------------------------X
FEUERSTEIN, J.

On April 10, 2008, plaintiff Christine J. Sorrentino ("Plaintiff") commenced this action against Stephen P. Esposito, M.D., P.C. ("the Practice"), and Stephen P. Esposito ("Esposito" and, together with the Practice, "Defendants") by filing a Complaint in the State of New York, Supreme Court for the County of Queens, seeking unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and the New York State Labor Law. On May 8, 2008, Defendants filed a notice of removal, removing the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendants' motion is granted.

1

I.      Background[1]

The Practice is a medical practice in Queens, New York, which currently employs approximately twelve (12) employees, two (2) of whom are physicians. (Deposition Transcript of Stephen P. Esposito, M.D. ("Esposito Tr."), at 45.) The Practice hired Plaintiff as its office manager in 2002. (Plaintiff's Statement Pursuant to Local Rule 56.1 ("Pl. 56.1 Statement"), at 2; Deposition of Christine Sorrentino ("Sorrentino Tr."), at 17.) After several months, Plaintiff's title was changed to "practice administrator," but her duties remained the same. (Pl. 56.1 Statement, at 2; Sorrentino Tr., at 17-18.) Over the course of her employment, Plaintiff's salary ranged from seventy-five thousand dollars ($75,000) to eighty-five thousand dollars ($85,000) per year. (Pl. 56.1 Statement, at 3.)

Plaintiff's duties at the Practice included, *inter alia*, supervising billing, (Sorrentino Tr., at 47), processing accounts receivable, (id., at 46), managing the facilities, (id., at 47), managing human resources, (id., at 48), scheduling employees, (id., at 52), processing payroll, (id., at 56-60), and maintaining the office equipment (id., at 60-61). Plaintiff's employment was terminated on December 28, 2007. (Compl., at 5.)

---

[1] The facts are derived from Defendants' statement of material facts pursuant to Local Rule 56.1 and the accompanying declarations and other evidentiary material filed in support of Defendants' motion for summary judgment, as well as Plaintiff's response to Defendants' statement and counterstatement of disputed material facts and the accompanying declarations and evidentiary material filed in response to the motion.

2

II.     Legal Standard

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (citations and quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." Id. An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, VT, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried. If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted).

The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." Id. at 532-33 (quotations and citations omitted).

III.   Discussion

1.   Plaintiff's Claim for Overtime Pay

The FLSA requires employers to compensate their employees at a rate not less than one and one-half (1 ½) times their "regular rate" at which they are employed, for hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). However, Section 207 does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." Id. § 213(a)(1). The employer bears the burden of proving that an employee falls within an exemption to the overtime requirement. Corning Glass Works v. Brennan, 417 U.S. 188, 196-97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); Bilyou v. Dutchess Beer Distribs., Inc., 300 F.3d 217, 222 (2d Cir. 2002). "Determining whether an employee is exempt from the overtime pay requirements is a fact intensive inquiry." Kahn v. Superior Chicken & Ribs, Inc., 331 F. Supp. 2d 115, 118 (E.D.N.Y. 2004). Since the FLSA is a remedial statute, the exemptions are to be narrowly construed and the employer must show that the employee fits "plainly and unmistakenly within [the exception's] terms." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960); see also Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir. 1991). The New York Labor Law also mandates overtime compensation, but

exempts the same employees as the FLSA. See N.Y. Comp.Codes R. & Regs., tit. 12, § 142-3.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938.")

Plaintiff alleges that Defendants required her "to work more than 40 hours per week for most weeks that the plaintiff was employed by the defendants." (Compl., at 5.) Defendants contend that Plaintiff qualified as either an administrative or executive employee pursuant to the FLSA. (Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Def. Mem."), at 7.)

A. Administrative Exemption

The FLSA does not define an administrative employee. 29 U.S.C. § 207(a)(1). However, regulations promulgated by the Secretary of Labor (the "Regulations") direct that an individual is employed in an administrative capacity if: (1) she earns a salary of more than four hundred fifty-five dollars ($455) per week, (2) her "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.[2] See also

---

[2] The Department of Labor amended the Regulations on August 23, 2004. The amended Regulations are substantially the same as the "short test" pursuant to the pre-amendment Regulations, which applied to employees making at least two hundred fifty dollars ($250) per week. See 29 C.F.R. § 541.2(e)(2) (2002). See also Kahn v. Superior Chicken and Ribs, Inc., 331 F. Supp. 2d 115, 118 (E.D.N.Y. 2004) (noting that to qualify as an administrative employee

5

Davis v. J.P. Morgan Chase & Co., --- F.3d ----, 2009 WL 3922892, at *2 (2d Cir. 2009) (noting that "[f]ederal regulations specify, however, that a worker is employed in a bona fide administrative capacity if she performs work 'directly related to management policies or general business operations' and 'customarily and regularly exercises discretion and independent judgment'").

The Regulations define "primary duty" as "the principal, main, major or most important duty that the employee performs." Id. § 541.700. When analyzing an employee's primary duty, a court may consider:

> the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

See 29 C.F.R. § 541.700(a). Employees who "spend more than fifty percent (50%) of their time performing exempt work will generally satisfy the primary duty requirement." Id. § 541.700(b). However, an employee's time spent performing exempt work is not dispositive, and employees who do not spend at least fifty percent (50%) of their time performing exempt work may nevertheless be exempt if other factors support such a conclusion. Id.

---

pursuant to the "short test," an employee's "primary duty must consist of the 'performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers . . . which includes work requiring the exercise of discretion and independent judgment'") (citing 29 C.F.R. § 541.2(e)(2)(2002)). As the pre-amendment and post-amendment Regulations are substantially similar and the Practice employed Plaintiff both before and after the amendments took effect, the Court will use the post-amendment Regulations to analyze Plaintiffs' FLSA claims. See Difilippo v. Barclays Capital, Inc., 552 F. Supp. 2d 417, 421 n.4 (S.D.N.Y. 2008) (applying post-amendment Regulations to Plaintiff's FLSA claims ranging from 1998 to 2004).

     (i)  Salary

  An administrative employee must be "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week." 29 C.F.R. § 541.200. Plaintiff earned at least seventy-five thousand dollars ($75,000) while employed by the Practice, (see Pl. 56.1 Statement, at 3), meeting the minimum salary requirement of a bona fide administrative employee. See, e.g., O'Neill-Marino v. Omni Hotels Management Corp, No. 99 Civ. 3793, 2001 WL 210360, at *8 (S.D.N.Y. Mar. 2, 2001) (noting that a forty thousand dollar ($40,000) annual salary meets the minimum salary requirement for exemption from FLSA overtime requirements).

     (ii)  Work Directly Related to the General Business Operations of the Employer

  An administrative employee's primary duty must involve the performance of work directly related to her employer's general business operations, which includes "work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. §§ 541.200, 541.201(a). The Regulations provide a non-exclusive list of tasks that meet this definition, including work in accounting, insurance, purchasing, procurement, personnel management, human resources, employee benefits, and computer network and database administration. Id. § 541.201(b). "The examples listed by the [Regulations] 'are not activities that involve what the day-to-day business specifically sells or provides, rather these are tasks that every business must undertake in order to function.'"

7

Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc., 585 F. Supp. 2d 254, 264 (D. Conn. 2008) (quoting Neary v. Metro. Prop. & Cas. Ins. Co., 517 F. Supp. 2d 606, 6114 (D. Conn. 2007)).

Plaintiff concedes that she "primarily performed office or non-manual work which related to [the] general business operations" of the Practice and "performed a variety of tasks vital to the functioning of the defendants's medical practice." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp."), at 12; Affidavit of Christine Sorrentino ("CS Aff."), at ¶ 29.) She details her duties as: (1) performing tasks with respect to billing, including supervising two (2) full time billers (Pl. 56.1 Statement, at 3; Sorrentino Tr., at 38-39; CS Aff., at ¶¶ 6-12); (2) managing payroll, including forwarding employee time records to the payroll company, overseeing time clock and overtime procedures, and coordinating employee schedules and sick days (Pl. 56.1 Statement, at 3-4, 8-9; Sorrentino Tr., at 47, 50-51, CS Aff., at ¶ 15); (3) processing accounts receivable and accounts payable (Pl. 56.1 Statement, at 5; Sorrentino Tr., at 37-47, 71-74, CS Aff., at ¶¶ 6-13, 23-24, 26); (4) interviewing applicants, recommending applicants for hire, and advising upon the retention of employees (Pl. 56.1 Statement, at 10; Sorrentino Tr., at 48-49, 75); (5) performing duties related to obtaining and maintaining the Practice's computer system (Pl. 56.1 Statement, at 11-12; Sorrentino Tr., at 59, 61, 63-65); (6) establishing payment plans with delinquent patients (Pl. 56.1 Statement, at 11); and (7) overseeing the Practice's office in Maspeth, New York (Id. at 12). Several courts have found similar tasks to be "directly related to the business operations of the employer" for the purposes of the administrative exemption. See Seltzer v. Dresdner Kleinwort Wasserstein, Inc., 356 F. Supp. 2d 288, 292 (S.D.N.Y. 2005) (holding that an assistant, whose

daily duties included "arranging travel, scheduling appointments, taking care of [her employer's] personal checking account, answering the telephone, and completing expense reports" qualified as a bona fide administrative employee); Lott v. Howard Wilson Chrysler-Plymouth, Inc., 203 F.3d 326, 332 (5th Cir. 2000) (holding that an office manager's duties, including overseeing payroll, preparing tax and workers' compensation forms, and interviewing, scheduling and training employees, were work related to the employer's business operations); Cowan v. Tricolor, Inc., 869 F. Supp. 262 (D. Del. 1994), *aff'd without op.* 60 F.3d 814 (3d Cir. 1995) (holding that an office manager whose duties "included writing orders, making quotations, preparing invoices, customer relations and supervising another employee engaged in similar activities" qualified as an administrative employee).

Moreover, performing the work directly related to the general business operations of the Practice was Plaintiff's primary duty. As Plaintiff "did whatever needed to be done" (CS Aff., at ¶ 3; Sorrentino Tr., at 22), she contends that it is difficult to detail a precise breakdown of her responsibilities. However, in her Affidavit, Plaintiff states that her time could be best broken down as follows:

- Billing/Accounts Receivable - fifty percent (50%) of Plaintiff's time (CS Aff., at ¶ 6);
- Accounts Payable - fifteen percent (15%) of Plaintiff's time (id. at ¶ 13);
- Facilities Management - between ten percent (10%) and fifteen percent (15%) of Plaintiff's time (id., at ¶ 14); and
- Human Resources - five percent (5%) of Plaintiff's time (id., at ¶ 20).

9

Plaintiff also spent an additional two (2) to three (3) hours every other week processing payroll, one (1) to two (2) hours per week handling time-off requests, and one (1) to two (2) hours per week coordinating schedules for five (5) or six (6) employees, as well as performing various other activities. (Id., ¶¶ 15-17; Sorrentino Tr., at 52.) Although Plaintiff attempts to classify these duties as "overwhelmingly non-exempt" (Pl. Mem, at 9), they arose out of Plaintiff's duties in managing human resources, and as such, were exempt work. 29 C.F.R. § 541.703(a) (stating that "'directly and closely related' work, [including] physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly" is considered exempt work).

In addition to spending at least eighty percent (80%) of her time performing work that was either clearly exempt or directly and closely related to exempt work, Plaintiff's salary was more than twice the salaries of the employees of the Practice who performed routine, non-exempt work. (See Affidavit of Stephen P. Esposito, at ¶¶ 2-3 (listing the annual salaries of billing department and front desk employees as between twenty-nine thousand dollars ($29,000) and thirty-three thousand dollars ($33,000). Moreover, Plaintiff performed her duties relatively free from supervision, as she prioritized her duties and decided when to complete them. (Sorrentino Tr., at 80-81.) Therefore, Plaintiff's affidavit and deposition testimony clearly indicate that there is no genuine issue of material fact as to whether Plaintiff's primary duties included office work directly related to the general business operations of her employer.

    (iii) Exercise of Discretion and Independent Judgment with Respect to Matters of Significance.

Since Plaintiff's primary obligation was the performance of office work directly related to the general business operations of the Practice, she qualifies as an administrative employee so long as her "primary duty [included] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a). The Regulations "define 'the exercise of discretion and independent judgment' as 'the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.'" In re Novartis Wage and Hour Litigation, 593 F. Supp. 2d 637, 645 (S.D.N.Y. 2009) (citing 29 C.F.R. § 541.202(a)). The Department of Labor has provided the following non-exhaustive list of numerous factors to consider when determining whether an employee exercises discretion with respect to matters of significance:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b). Generally, an employee who meets at least two (2) or three (3) of the foregoing factors is found to exercise independent judgment on matters of significance. See DOL 2004 Final Rule, 69 Fed.Reg. at 22143. See also Bondy v. City of Dallas, No. 03-10112, 2003 WL 22316855, at *1 (5th Cir. 2003); McAllister v. Transamerica Occidental Life Insurance

Co., 325 F.3d 997, 1000-02 (8th Cir. 2003); O'Neill-Marino v. Omni Hotels Management Corp., 2001 WL 210360, at *8-9 (S.D.N.Y. 2001)). "The exercise of discretion and independent judgment 'implies that the employee has authority to make independent choice, free from immediate direction or supervision,' though decisions or recommendations that are 'reviewed at a higher level,' may still be considered sufficiently discretionary to satisfy the duties test." Coleman-Edwards v. Simpson, No. 08-2456-cv, 330 Fed.Appx. 218, at *1 (2d Cir. May 12, 2009) (quoting 29 C.F.R. § 541.202(c)).

The Regulations explain that "'matters of significance' refers to the level of importance or consequence of the work performed," and note that an employee will not be an administrative employee merely because the employer will suffer financial losses if the employee fails to perform the job properly. 29 C.F.R. § 541.202(b)(f). Although Plaintiff contends that "very little, if anything, that [she] did had significance," (CS Aff., at ¶ 4), the collection of payments from patients, payment of bills, scheduling and payment of employees, insurance coverage, and sufficient medical supplies are significant matters to a medical practice. (Sorrentino Tr., at 37-47, 50-55, 71-74; CS Aff., at ¶¶ 3, 18.) Therefore, based upon Plaintiff's own descriptions of her duties, it is clear that Plaintiff worked on matters of significance. See, e.g., Lott, 203 F.3d at 332 (finding that the administrative tasks performed by an office manager were "of principal importance" to her employer). Indeed, Plaintiff admits that her duties were "vital," and that if she "failed to perform [her] duties adequately, the medical practice's good functioning would have likely been impaired," (id., at ¶¶ 4, 29), and as such, there is no genuine issue of fact as to the significance of Plaintiff's duties.

Moreover, Defendant has successfully established, through Plaintiff's deposition testimony, that there is no genuine issue of fact as to whether Plaintiff exercised discretion and independent judgment during her employment at the Practice. Although the Practice had no formal personnel policies, (id., at ¶ 20), Plaintiff enforced multiple informal policies. She posted a sign on the time clock which stated "[i]f you do not punch in/out you will NOT be paid," and ensured that this policy was followed by all employees other than herself. (Pl. 56.1 Statement, at 4; Sorrentino Tr., at 24.) Additionally, Plaintiff drafted a memorandum informing the Practice's employees that overtime hours could "only be approved by Dr. Esposito or [herself]," and directed employees to speak to her with any questions regarding that policy. (Affidavit of Jeffrey M. Schlossberg, Exhibit I). See also 29 C.F.R. § 541.202(b) (noting that an administartive employee may exercise discretion by implementing management policies and practices). Furthermore, Plaintiff approved leave requests from employees, subject to final approval by Esposito. (Id., Exhibit K; Sorrentino Tr., 98-98.) Moreover, Plaintiff made suggestions as to personnel policies, and made recommendations and "voiced her opinion" upon personnel issues, such as hiring, disciplining, and firing. (Sorrentino Tr., at 27-28, 36-37, 48-49, 67, 75, 97). See Coleman-Edwards v. Simpson, No. 03-CV-3779, 2008 WL 820021, at *10-11 (E.D.N.Y. Mar. 25, 2008) (finding that a plaintiff who "made hiring and firing recommendations" exercised independent discretion). Plaintiff also exercised discretion as a "gatekeeper" for Esposito, who "often used [Plaintiff] as a channel to send and receive messages and information from people that Dr. Esposito either wanted to avoid, or that he was too busy to communicate with directly." (CS Aff., at ¶ 22.) See also Seltzer, 356 F. Supp. 2d at 302 (noting an assistant's discretion in determining which calls to put through to her employer). Finally, Plaintiff handled customer

13

complaints, recommended discounts and payment plans for delinquent customers, and resolved issues of non-payment by insurance companies. (Sorrentino Tr., at 40-41, 65-66, 74.) See also 29 C.F.R. § 541.202(b) (noting that an administrative employee may exercise discretion while handling complaints and disputes).

In her affidavit, Plaintiff attempts to characterize the majority of her duties as insignificant, and argues that "the significant tasks that [she] may have performed were not a primary part of [her] duties, and cannot alone serve as a basis for finding that [she] was an exempt employee." (CS Aff., at ¶ 29.) However, in "the Second Circuit 'a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.'" Golden v. Merrill Lynch & Co., Inc., No. 06 Civ. 2970, 2007 WL 4299443, at *9 (S.D.N.Y. Dec. 6, 2007) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997). As Plaintiff's deposition testimony clearly indicates that her primary duties included the exercise of discretion and independent judgment as to matters of significance, this branch of Defendants' motion for summary judgment is granted. Since Plaintiff qualifies as a bona fide administrative employee, it is unnecessary for this Court to determine whether Plaintiff qualifies as an executive employee.

2. Plaintiff's Claim for Vacation Pay

Plaintiff alleges that "by failing to compensate [Plaintiff] for all unpaid accrued vacation leave, the defendants have violated the New York State Labor Law." (Compl., at ¶ 36.) Section 198-c of the New York Labor Law states that an employer's failure to provide wage supplements

or benefits, including vacation pay, pursuant an employment agreement is a misdemeanor. See New York State Labor Law § 198-c. Although it is unclear whether this section gives rise to a civil claim, see Gerzog v. London Fog Corp., 907 F. Supp. 590, 603 (E.D.N.Y. 1995), the statute does "not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." New York State Labor Law § 198-c(3). Since the New York State Labor Law applies the same definitions as the FLSA, see N.Y. Comp.Codes R. & Regs., tit. 12, § 142-3.2., and Plaintiff earned over nine hundred dollars ($900) per week, Section 198-c does not apply, and therefore, this branch of Defendants' motion for summary judgment is granted.

IV.  Conclusion

For the reasons stated above, Defendants' motion for summary judgment is GRANTED. The Clerk of the Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 7, 2010
       Central Islip, New York